UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TYLER FALLON,

                    Plaintiff,

          -against-

WILSON MEDICAL CENTER; HCA
FLORIDA KENDALL HOSPITAL; MIRAE
ASSET SECURITIES (USA) INC.; CINDY
NAPOLETANO; JOHN/JANE DOES 1-25,

                    Defendants.

26-CV-3382 (LTS)

TRANSFER ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who identifies himself as a citizen of New Jersey but provides an address for himself in Miami Beach, Florida, brings this *pro se* action under the Emergency Medical Treatment and Labor Act (EMTALA), 42 U.S.C. §1395dd, alleging that hospitals in North Carolina and Florida violated EMTALA by failing to provide him adequate emergency care. He also filed a motion for a temporary restraining order. (ECF No. 5.) Named as Defendants are: (1) Wilson Medical Center, which is located in Wilson, North Carolina; (2) HCA Florida Kendall Hospital, which is located in Miami, Florida; (3) Mirae Asset Securities Inc., which Plaintiff alleges is located in New York, New York; (4) Cindy Napoletano, who is associated with Mirae Asset Securities; and (5) 25 unidentified John/Jane Doe defendants.

For the following reasons, this action is transferred to the United States District Court for the Southern District of Florida.

## DISCUSSION

Under 28 U.S.C. § 1391(b), a civil action may be brought in

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim

occurred . . . ; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

For venue purposes, a "natural person" resides in the district where the person is domiciled, and an "entity with the capacity to sue and be sued" resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. *See* 28 U.S.C. § 1391(c)(1), (2).

Plaintiff alleges that Defendants violated his rights inside of Wilson Medical Center in North Carolina, which is located in the Eastern District of North Carolina, and HCA Florida Kendall Hospital in Florida, which is located in the Southern District of Florida. Both of those districts are therefore proper venues for this action under Section 1391(b)(1). By contrast, this district does not appear to be a proper venue under Section 1391(b)(1) because multiple defendants are alleged to reside outside of the State of New York.

Because the events giving rise to Plaintiff's claims occurred inside of the Wilson Medical Center in North Carolina and HCA Kendall Hospital in Florida, venue would be proper under Section 1391(b)(2) in the Eastern District of North Carolina and in the Southern District of Florida.

Under 28 U.S.C. § 1404(a), a court may transfer the case to any other district where it might have been brought "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). In determining whether transfer is appropriate, courts consider the following ten factors: (1) the convenience of witnesses; (2) the convenience of the parties; (3) the locus of operative facts; (4) the availability of process to compel the attendance of the unwilling witnesses; (5) the location of relevant documents and the relative ease of access to sources of proof; (6) the relative means of the parties; (7) the forum's familiarity with the governing law;

2

(8) the weight accorded to the plaintiff's choice of forum; (9) trial efficiency; and (10) the interest of justice, based on the totality of circumstances. *Keitt v. N.Y. City*, 882 F. Supp. 2d 412, 459-60 (S.D.N.Y. 2011); *see also N.Y. Marine and Gen. Ins. Co. v. LaFarge No. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (setting forth similar factors).

Under Section 1404(a), transfer to the Southern District of Florida appears to be appropriate in this case. A substantial portion of the underlying events occurred within the Southern District of Florida, which is where both HCA Florida Kendall Hospital and Plaintiff himself are located. Moreover, in Plaintiff's motion for a temporary restraining order, he identifies several categories of physical and electronic evidence that he alleges can be found in safety deposit boxes in banks in Miami Beach, within the confines of the Southern District of Florida. The Southern District of Florida appears to be a more convenient forum for this action than any other potentially proper forum. Accordingly, the Court transfers this action to the United States District Court for the Southern District of Florida. 28 U.S.C. § 1404(a); *see D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006) ("District courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis.").

## CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court for the Southern District of Florida. Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. Similarly, whether Plaintiff's motion for a temporary restraining order should be granted is also a determination to be made by the transferee court. The Clerk of Court is directed to terminate the motion pending at ECF No. 5 in this Court's docket for this action.

Summonses shall not issue from this Court. The Court waives Local Rule Civil Rule 83.1, which requires a seven-day delay before the Clerk of Court may transfer a case.  This order closes this case in this Court.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   April 27, 2026
         New York, New York

                              /s/ Laura Taylor Swain
                              LAURA TAYLOR SWAIN
                         Chief United States District Judge